**UNITED STATES DISTRICT COURT**
**DISTRICT OF ARIZONA**

Luis Enrique Reyes,
Petitioner
-vs-
Charles L. Ryan, *et al.*,
Respondents.

CV-13-1499-PHX-NVW (JFM)

**Report & Recommendation on**
**Petition for Writ of Habeas Corpus**

## I. MATTER UNDER CONSIDERATION

Petitioner, presently incarcerated in the Arizona State Prison at Kingman, Arizona, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 on July 24, 2013 (Doc. 1).  On January 17, 2014 Respondents filed their Response (Doc. 10). Petitioner has not filed a Reply.

The Petitioner's Petition is now ripe for consideration.   Accordingly, the undersigned makes the following proposed findings of fact, report, and recommendation pursuant to Rule 8(b), Rules Governing Section 2254 Cases, Rule 72(b), Federal Rules of Civil Procedure, 28 U.S.C. § 636(b) and Rule 72.2(a)(2), Local Rules of Civil Procedure.

## II. RELEVANT FACTUAL & PROCEDURAL BACKGROUND

### A. FACTUAL BACKGROUND

In disposing of Petitioner's direct appeal, the Arizona Court of Appeals summarized the facts as follows:

> In March 2009 a drive-by shooting occurred in front of a Phoenix home where three witnesses were present outside; several shots rang out, however no one was injured. Witnesses described three passengers in the vehicle, a green Grand Marquis, and identified Defendant as the driver. In particular, witnesses described

1

> the driver as a Hispanic male who appeared to be in his forties, had a goatee and black hair, was wearing a white "muscle shirt" tank top, and had tattoos on his upper chest and shoulders. One witness also identified a residence in the neighborhood where he had previously seen the green Grand Marquis parked.
>
> In April, a witness spotted both the car and Defendant about a mile away from the scene of the crime and notified police. Officers responded and determined that while Defendant was not the owner of the car, he was known to use it. Officers questioned Defendant and subsequently arrested him. At the time of his arrest, Defendant had a goatee, black hair, and tattoos "around the collar" and "upper shirt area."

(Exhibit M, Mem. Dec. at 1-2.)  (Exhibits to the Answer, Doc. #, are referenced herein as "Exhibit ___.")

## B. PROCEEDINGS AT TRIAL

Petitioner was indicted in Maricopa County Superior Court on one count of drive-by shooting and three counts of aggravated assault.  (Exhibit B, Indictment.)  A plea agreement was offered (Exhibit C, M.E.7/15/09), and a settlement conference was held (Exhibit D, M.E. 9/17/09), but the matter was not settled and Petitioner proceeded to a jury trial and testified in his own behalf alleging another person was the shooter. (Exhibit M, Mem. Dec. at 2.)

Petitioner was found guilty as charged (Exhibit E, M.E. 11/3/9), and on February 12, 2010 was sentenced "to 10.5 years' imprisonment for the drive-by shooting and 7.5 years' each for three counts of aggravated assault, all sentences running concurrently." (Exhibit M, Mem.Dec. at 2; Exhibit F, Sentence.)

## C.  PROCEEDINGS ON DIRECT APPEAL

Petitioner filed a notice of appeal, counsel was appointed, and filed a brief arguing that the evidence was insufficient to support the verdict, citing a litany of Arizona state court cases. (Exhibit K.)   Petitioner cited no federal authorities and referenced no constitutional provisions.  (*Id.* at 4-5, and generally.)  The Arizona Court of Appeals rejected the claim, citing no federal authorities or principles. (Exhibit M, Mem. Dec.)

Petitioner did not seek further direct review.  (Exhibit N, Mandate; Petition, Doc. 1 at 3; Exhibit FF, Arizona Court of Appeals Docket.)

## D.  PROCEEDINGS ON POST-CONVICTION RELIEF

Petitioner filed a Notice of Post Conviction Relief (Exhibit O) and counsel was appointed (Exhibit P, Order 3/28/11), who ultimately filed a Notice (Exhibit Q) of inability to find a colorable claim for relief.  Petitioner then filed a *pro per* Petition for Post-Conviction Relief (Exhibit R) asserting ineffective assistance: (1) of appellate counsel because counsel failed to adequately argue Petitioner's insufficiency of the evidence claim; (2) of trial counsel for failing to advise Petitioner of the existence of a favorable plea offer made the day of trial; (3) of trial counsel for failure to retain an identification expert; (4) of trial counsel for failing to file a motion to suppress various trial testimony.  Petitioner also argued his actual innocence. (*Id.*)  Petitioner also moved for appointment of new counsel, appointment of an identification expert, and for discovery. (Exhibits S, T, U.)

The PCR court rejected the actual innocence claim as being precluded under Arizona R. Crim. Proc. 32.2(a)(3).  It found any claim of insufficiency under Ariz. R. Crim. P. 32.1(h) without merit.  It found the claims of ineffective assistance to be without merit.  In particular, the court found: (a) the record of the settlement conference reflected Petitioner's knowledge of the plea offer; (b) there was no basis for a motion to suppress; (c) no other colorable claim of ineffectiveness had been presented.  (Exhibit Z, M.E. 3/14/12.)

Petitioner moved for reconsideration (Exhibit AA), which was denied on December 3, 2012 (Exhibit CC, M.E. 12/3/12.)

On January 28, 2013, a person purporting to be a "distant relative" of Petitioner filed a motion seeking an extension of time for Petitioner to file a petition for review. The PCR court denied the motion as an unauthorized third-party filing by a non-attorney. (Exhibit DD, M.E. 2/4/13.)

Petitioner did not seek review by the Arizona Court of Appeals.  (Petition, Doc. 1 at 5.; Exhibit EE, Superior Court Docket.)

**E.  PRESENT FEDERAL HABEAS PROCEEDINGS**

**Petition** - Petitioner commenced the current case by filing his Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 on July 24, 2013 (Doc. 1).  Petitioner's Petition asserts the following six grounds for relief:

> (1) Petitioner's conviction violates his Fifth, Sixth, and Fourteenth Amendment rights because substantial evidence demonstrated he was not the driver of the vehicle;
> (2) Petitioner's Rule 32 counsel was ineffective in violation of the Fifth, Sixth, Eighth, and Fourteenth Amendments in failing to consult with an identification expert;
> (3) Petitioner's trial counsel was ineffective in violation of the Fifth, Sixth, and Fourteenth Amendments in failing to inform Petitioner that the state had made a plea offer;
> (4) Petitioner's trial counsel was ineffective, in violation of the Fifth, Sixth, and Fourteenth Amendments in failing to file a motion to suppress an illegal identification of Petitioner;
> (5) Petitioner's appellate counsel was ineffective in violation of the Fifth, Sixth, and Fourteenth Amendments for failing to challenge the sufficiency of the evidence on appeal; and
> (6) Petitioner's post-conviction counsel was ineffective in violation of the Fifth, Sixth, and Fourteenth Amendments in failing to seek the appointment of an eyewitness identification expert.

(Order 10/21/13, Doc. 3.)

**Response** – On January 17, 2014, Respondents filed their Response ("Answer") (Doc. 10).  Respondents argue that all of Petitioner's claims are procedurally defaulted.

**Reply** – In the Court's service Order, Petitioner was given 30 days from the date of service of the answer to file a reply.  (Order 10/21/13, Doc. 3 at 3.) Petitioner has not filed a reply, and the time to do so has passed.

## III. APPLICATION OF LAW TO FACTS

**A.  EXHAUSTION AND PROCEDURAL DEFAULT**

Respondents argue that Petitioner's claims are procedurally defaulted, and thus are barred from federal habeas review.

4

**1. Exhaustion Requirement**

Generally, a federal court has authority to review a state prisoner's claims only if available state remedies have been exhausted. *Duckworth v. Serrano*, 454 U.S. 1, 3 (1981) (*per curiam*). The exhaustion doctrine, first developed in case law, has been codified at 28 U.S.C. § 2254(b) and (c).  When seeking habeas relief, the burden is on the petitioner to show that he has properly exhausted each claim. *Cartwright v. Cupp*, 650 F.2d 1103, 1104 (9th Cir. 1981)(*per curiam*), *cert. denied*, 455 U.S. 1023 (1982).

Ordinarily, "to exhaust one's state court remedies in Arizona, a petitioner must first raise the claim in a direct appeal or collaterally attack his conviction in a petition for post-conviction relief pursuant to Rule 32." *Roettgen v. Copeland*,  33 F.3d 36, 38 (9th Cir. 1994).   Only one of these avenues of relief must be exhausted before bringing a habeas petition in federal court.  This is true even where alternative avenues of reviewing constitutional issues are still available in state court. *Brown v. Easter*, 68 F.3d 1209, 1211 (9th Cir. 1995); *Turner v. Compoy*, 827 F.2d 526, 528 (9th Cir. 1987), *cert. denied*, 489 U.S. 1059 (1989).  "In cases not carrying a life sentence or the death penalty, 'claims of Arizona state prisoners are exhausted for purposes of federal habeas once the Arizona Court of Appeals has ruled on them.'" *Castillo v. McFadden*, 399 F.3d 993, 998 (9th Cir. 2005)(quoting *Swoopes v. Sublett*, 196 F.3d 1008, 1010 (9th Cir. 1999)).


**2.  Procedural Default**

Ordinarily, unexhausted claims are dismissed without prejudice. *Johnson v. Lewis*, 929 F.2d 460, 463 (9th Cir. 1991).  However, where a petitioner has failed to properly exhaust his available administrative or judicial remedies, and those remedies are now no longer available because of some procedural bar, the petitioner has "procedurally defaulted" and is generally barred from seeking habeas relief.  Dismissal with prejudice of a procedurally defaulted habeas claim is generally proper absent a "miscarriage of justice" which would excuse the default. *Reed v. Ross*, 468 U.S. 1, 11 (1984).

Respondents argue that Petitioner may no longer present his unexhausted claims

to the state courts.  Respondents rely upon Arizona's preclusion bar, set out in Ariz. R. Crim. Proc. 32.2(a) and time limit bar, set out in Ariz. R. Crim. P.  32.4.  (Answer, Doc. 10 at 10.)

**Remedies by Direct Appeal** - Under Ariz.R.Crim.P. 31.3, the time for filing a direct appeal expires twenty days after entry of the judgment and sentence. Moreover, no provision is made for a successive direct appeal.  Accordingly, direct appeal is no longer available for review of Petitioner's unexhausted claims.

**Remedies by Post-Conviction Relief** – Under Arizona's waiver and timeliness bars, Petitioner can no longer seek review by a subsequent PCR Petition.

Waiver Bar - Under the rules applicable to Arizona's post-conviction process, a claim may not ordinarily be brought in a petition for post-conviction relief that "has been waived at trial, on appeal, or in any previous collateral proceeding."   Ariz.R.Crim.P. 32.2(a)(3).   Under this rule, some claims may be deemed waived if the State simply shows "that the defendant did not raise the error at trial, on appeal, or in a previous collateral proceeding." *Stewart v. Smith*, 202 Ariz. 446, 449, 46 P.3d 1067, 1070 (2002) (quoting Ariz.R.Crim.P. 32.2, Comments).  For others of "sufficient constitutional magnitude," the State "must show that the defendant personally, "knowingly, voluntarily and intelligently' [did] not raise' the ground or denial of a right." Id.  That requirement is limited to those constitutional rights "that can only be waived by a defendant personally." *State v. Swoopes*, 216 Ariz. 390, 399, 166 P.3d 945, 954 (App.Div. 2, 2007).  Indeed, in coming to its prescription in *Stewart v. Smith*, the Arizona Supreme Court identified: (1) waiver of the right to counsel, (2) waiver of the right to a jury trial, and (3) waiver of the right to a twelve-person jury under the Arizona Constitution, as among those rights which require a personal waiver.  202 Ariz. at 450, 46 P.3d at 1071.  Claims based upon ineffective assistance of counsel are determined by looking at "the nature of the right allegedly affected by counsel's ineffective performance. *Id*.

Here, none of Petitioner's claims are of the sort requiring a personal waiver, and Petitioner's claims of ineffective assistance similarly have at their core the kinds of

6

claims not within the types identified as requiring a personal waiver.

Timeliness Bar - Even if not barred by preclusion, Petitioner would now be barred from raising his claims by Arizona's time bars.

Petitioner cannot now seek review of his existing PCR proceeding.  Arizona Rule of Criminal Procedure 32.9(c) requires that petitions for review be filed within 30 days of the final decision of the trial court.   That time has long since passed.

Further, Petitioner would be time barred from instituting a new proceeding.  Ariz.R.Crim.P. 32.4 requires that petitions for post-conviction relief (other than those which are "of-right") be filed "within ninety days after the entry of judgment and sentence or within thirty days after the issuance of the order and mandate in the direct appeal, whichever is the later."   *See State v. Pruett*, 185 Ariz. 128, 912 P.2d 1357 (App. 1995) (applying 32.4 to successive petition, and noting that first petition of pleading defendant deemed direct appeal for purposes of the rule).   That time has long since passed.

Exceptions - Rules 32.2 and  32.4(a) do not bar dilatory claims if they fall within the category of claims specified in Ariz.R.Crim.P. 32.1(d) through (h). See Ariz. R. Crim. P.  32.2(b) (exceptions to preclusion bar); Ariz. R. Crim. P.  32.4(a) (exceptions to timeliness bar).  Petitioner has not asserted that any of these exceptions are applicable to his claims.   Nor does it appears that such exceptions would apply.  The rule defines the excepted claims as follows:

> d. The person is being held in custody after the sentence imposed has expired;
> e. Newly discovered material facts probably exist and such facts probably would have changed the verdict or sentence. Newly discovered material facts exist if:
> (1) The newly discovered material facts were discovered after the trial.
> (2) The defendant exercised due diligence in securing the newly discovered material facts.
> (3) The newly discovered material facts are not merely cumulative or used solely for impeachment, unless the impeachment evidence substantially undermines testimony which was of critical significance at trial such that the evidence probably would have changed the verdict or sentence.
> f. The defendant's failure to file a notice of post-conviction

7

> relief of-right or notice of appeal within the prescribed time was without fault on the defendant's part; or
>
> g. There has been a significant change in the law that if determined to apply to defendant's case would probably overturn the defendant's conviction or sentence; or
>
> h. The defendant demonstrates by clear and convincing evidence that the facts underlying the claim would be sufficient to establish that no reasonable fact-finder would have found defendant guilty of the underlying offense beyond a reasonable doubt, or that the court would not have imposed the death penalty.

Ariz.R.Crim.P. 32.1.

Paragraph 32.1 (d) (expired sentence) generally has no application to an Arizona prisoner who is simply attacking the validity of his conviction or sentence.  Where a claim is based on "newly discovered evidence" that has previously been presented to the state courts, the evidence is no longer "newly discovered" and paragraph (e) has no application.  Here, Petitioner has long ago asserted the facts underlying his claims.  Paragraph (f) has no application where the petitioner filed a timely notice of post-conviction relief.  Paragraph (g) has no application because Petitioner has not asserted a change in the law since his last PCR proceeding.  Finally, paragraph (h), concerning claims of actual innocence, has no application to the procedural claims Petitioner asserts in this proceeding.

Therefore, none of the exceptions apply, and Arizona's time and waiver bars would prevent Petitioner from returning to state court.  Thus, Petitioner's claims that were not fairly presented are all now procedurally defaulted.

## 3.  Procedural Bar on Independent and Adequate State Grounds

Related to the concept of procedural default is the principle of barring claims actually disposed of by the state courts on state grounds.  "[A]bsent showings of 'cause' and 'prejudice,' federal habeas relief will be unavailable when (1) 'a state court [has] declined to address a prisoner's federal claims because the prisoner had failed to meet a state procedural requirement,' and (2) 'the state judgment rests on independent and adequate state procedural grounds.' " *Walker v. Martin*, - - - U.S. - - -, 131 S.Ct. 1120, 1127 (2011).

In *Bennett v. Mueller*, 322 F.3d 573 (9th Cir.2003), the Ninth Circuit addressed the burden of proving the independence and adequacy of a state procedural bar.

> Once the state has adequately pled the existence of an independent and adequate state procedural ground as an affirmative defense, the burden to place that defense in issue shifts to the petitioner. The petitioner may satisfy this burden by asserting specific factual allegations that demonstrate the inadequacy of the state procedure, including citation to authority demonstrating inconsistent application of the rule. Once having done so, however, the ultimate burden is the state's.

*Id*. at 584-585.

### 4. Application to Petitioner's Claims

**a. Ground One – Insufficient Evidence** - In Ground One of his Petition, Petitioner argues that insufficient evidence supported his conviction, in violation of his Fifth, Sixth, and Fourteenth Amendment rights, citing *inter alia Jackson v. Virginia*, 443 U.S. 307, 315 (1979). Respondents contend that although Petitioner raised a similar state law claim on direct appeal, he did not fairly present his federal law claim.

Indeed, Petitioner did assert an insufficiency of the evidence claim on direct appeal. He did not, however, assert it as a federal claim.

Failure to alert the state court to the constitutional nature of the claim amounts to failure to exhaust state remedies. *Duncan v. Henry*, 513 U.S. 364, 366 (1995). While the petitioner need not recite "book and verse on the federal constitution," *Picard v. Connor*, 404 U.S. 270, 277-78 (1971) (quoting *Daugherty v. Gladden*, 257 F.2d 750, 758 (9th Cir. 1958)), it is not enough that all the facts necessary to support the federal claim were before the state courts or that a "somewhat similar state law claim was made." *Anderson v. Harless*, 459 U.S. 4, 6 (1982) (*per curiam*). However, "a citation to a state case analyzing a federal constitutional issue serves the same purpose as a citation to a federal case analyzing such an issue." *Peterson v. Lampert*, 319 F.3d 1153, 1158 (9th Cir. 2003).

Here, Petitioner's appellate brief did not explicitly assert a federal constitutional

claim, and cited only state authorities.  Moreover, none of the state cases cited were founded upon a federal constitutional analysis. (*See* Exhibit K, Opening Brief at 4 (listing citations).)

Most of the state cases Petitioner cited were merely applying Arizona's "substantial evidence" standard for a judgment of acquittal under Arizona Rule of Criminal Procedure 20(a).  *See State v. Axley*, 132 Ariz. 383, 393, 646 P.2d 268, 278 (1982); *State v. Doss*, 192 Ariz. 408, 412, 966 P.2d 1012, 1016 (1998); *State v. Franklin*, 130 Ariz. 291, 292, 635 P.2d 1213, 1214 (1981); *State v. Hallman*, 137 Ariz. 31, 38, 668 P.2d 874, 881 (1983); *State v. Hunter*, 136 Ariz. 45, 48, 664 P.2d 195, 198 (1983); *State v. Mosley*, 119 Ariz. 393,402,581 P.2d 238,247 (1978); *State v. Parker*, 113 Ariz. 560,561,558 P.2d 905, 906 (1976); *State v. Paris-Sheldon*, 214 Ariz. 500, 510, 154 P.3d 1046, 1056 (2007); *State v. Paoletto*, 133 Ariz. 412, 416, 652 P.2d 151, 155 (1982); *State v. Pena*, 209 Ariz. 503, 505, 104 P.3d 873, 875 (2005); *State v. Ramirez*, 142. Ariz. 171, 175, 688 P.2d 1063, 1067 (1984); *State v. Ross*, 214 Ariz. 280, 283, 131 P.2d 1261, 1264 (2007); and *State v. Stevens*, 184 Ariz. 411, 412, 909 P.2d 478,479 (1995).

In a number of the cases cited by Petitioner, the Arizona courts were also applying Rule 20(a), but in doing so made references to *Jackson v. Virginia*, 443 U.S. 307, 315 (1979).  Those courts did not, however, undertake to "analyz[e] a federal constitutional issue" *Peterson*, 319 F.3d at 1158, but instead looked to that decision as persuasive authority for guidance in resolving such motions or to reference the reasonable doubt standard.  *See State v. Edwards*, 136 Ariz. 177, 186,665 P.2d 59, 68 (1983) and *State v. Mathers*, 165 Ariz. 64, 66,796 P.2d 866, 868 (1990); *State v. Mincey*, 141 Ariz. 425, 432, 687 P.2d 1180, 1187 (1984); and *State v. Sharma*, 216 Ariz. 292, 294, 165 P.3d 693, 695 (2007).

In *State v. Clifton*, 134 Ariz. 345, 348, 656 P.2d 634. 637 (1982), the Arizona Court of Appeals referenced various federal cases in federal prosecutions, but did so only to decide, as a question of first impression in Arizona, the procedural question whether a post-trial motion for a new trial could be granted where the mid-trial motion for a

judgment of acquittal had been denied, and to demonstrate the broad discretion of trial judges in granting such motions. Thus, *Clifton* did not analyze a federal constitutional issue.

Accordingly, the undersigned finds that Petitioner did not fairly present his federal claim in Ground One to the Arizona Court of Appeals. For the reasons discussed hereinabove, Petitioner's state remedies on this claim are now procedurally defaulted.

**b.  Grounds Two through Six – Ineffective Assistance** – The remainder of Petitioner's claims are founded upon various allegations of ineffective assistance of his various counsel. In his Ground Two, Petitioner argues that his PCR counsel was ineffective in failing to consult with an identification expert. (Petition, Doc. 1 at 7.) In Ground Three, he argues that trial counsel was ineffective in failing to inform Petitioner that the state had made a plea offer. (*Id.* at 8.) In Ground Four, he argues trial counsel was ineffective in failing to file a motion to suppress an illegal identification of Petitioner. (*Id.* at 9.) In Ground Five, he argues that appellate counsel was ineffective in violation of  the Fifth, Sixth, and Fourteenth Amendments for failing to challenge the sufficiency of the evidence on appeal. (*Id.* at 10.) In his Ground Six, he argues that PCR counsel was ineffective in failing   to   seek   the   appointment   of   an   eyewitness identification expert. (*Id.* at 11.)

Respondents concede these claims were raised in Petitioner's *pro per* PCR petition (Exhibit R), but argue that Petitioner's state remedies were not properly exhausted by raising them to the Arizona Court of Appeals in a subsequent petition for review. (Answer, Doc. 10 at 11.)

Indeed, Petitioner did not seek review of the denial of his PCR petition by the Arizona Court of Appeals. The PCR court denied the claims on the merits, and thus did not apply a procedural bar.

Accordingly, the undersigned concludes that Petitioner did not properly exhaust his state remedies on his claims in Grounds Two through Six. For the reasons discussed hereinabove, Petitioner's state remedies on this claim are now procedurally defaulted.

**e.   Summary Re Exhaustion** – Based upon the foregoing, the undersigned concludes that Petitioner has procedurally defaulted his state remedies on all of his claims.

## B.  CAUSE AND PREJUDICE

If the habeas petitioner has procedurally defaulted on a claim, or it has been procedurally barred on independent and adequate state grounds, he may not obtain federal habeas review of that claim absent a showing of "cause and prejudice" sufficient to excuse the default.  *Reed v. Ross*, 468 U.S. 1, 11 (1984).

"Cause" is the legitimate excuse for the default.  *Thomas v. Lewis*, 945 F.2d 1119, 1123 (1991). "Because of the wide variety of contexts in which a procedural default can occur, the Supreme Court 'has not given the term "cause" precise content.'" *Harmon v. Barton*, 894 F.2d 1268, 1274 (11th Cir. 1990) (quoting Reed, 468 U.S. at 13), *cert. denied*, 498 U.S. 832 (1990).  The Supreme Court has suggested, however, that cause should ordinarily turn on some objective factor external to petitioner, for instance:

> ... a showing that the factual or legal basis for a claim was not reasonably available to counsel, or that "some interference by officials", made compliance impracticable, would constitute cause under this standard.

*Murray v. Carrier*, 477 U.S. 478, 488 (1986) (citations omitted).

**Ineffective Assistance of PCR Counsel** - Petitioner argues in his Petition that this Court should find cause to excuse his procedural defaults as to Grounds Two through Six based on the ineffective assistance of PCR counsel, citing *Martinez v. Ryan*, 132 S.Ct. 1309 (2012).  (Petition, Doc. 1 at 7-11.)

Ineffectiveness of PCR Counsel Not Cognizable - Ineffective assistance of counsel may constitute cause for failing to properly exhaust claims in state courts and excuse procedural default. *Ortiz v. Stewart*, 149 F.3d 923, 932, (9th Cir. 1998).  However, the Courts have long rejected claims of ineffective assistance of PCR counsel.  "There is no constitutional right to an attorney in state post-conviction

proceedings. Consequently, a petitioner cannot claim constitutionally ineffective assistance of counsel in such proceedings." *Coleman v. Thompson*, 501 U.S. 722, 752 (1991) (citations omitted). The *Coleman* Court thus held that the ineffectiveness of PCR counsel also could not establish cause to excuse a failure to properly exhaust state remedies and procedural default on a claim.

<u>Limited Exception for Claims re Trial Counsel</u> - In *Martinez*, the Court recognized that because the states increasingly reserve review of claims of ineffective assistance of trial counsel to post-conviction relief proceedings, the ineffectiveness of counsel in such PCR proceedings could effectively defeat any review of trial counsel's ineffectiveness. Accordingly, the Court recognized a narrow exception to *Coleman's* ruling on the ineffectiveness of PCR counsel as cause to excuse a procedural default on such a claim.[1]    Arizona, the state at issue in *Martinez*, is just such a state, and accordingly ineffective assistance of PCR counsel can establish cause to excuse a procedural default of a claim of ineffective assistance of trial counsel.

Because Petitioner's claims in Grounds One (insufficient evidence), Two and Six (ineffective assistance of PCR counsel), and Five (ineffective assistance of appellate counsel) do not raise claims of ineffective assistance of trial counsel, any ineffectiveness of PCR counsel in bringing those claims would not qualify as "cause" under *Martinez*.

<u>Application to Grounds Three and Four</u> – In contrast, in Grounds Three and Four Petitioner does assert claims of ineffective assistance of trial counsel. Thus, if Petitioner's failure to properly exhaust his state remedies of these claims was the result of ineffective assistance of PCR counsel, then under *Martinez*, Petitioner's procedural default may be excused.

Here, however, Petitioner's procedural default did not result from the ineffectiveness of PCR counsel. To be sure, Petitioner's PCR counsel failed to raise the claims in Grounds Three and Four. However, Petitioner did raise them in his *pro per*

---

[1] In *Trevino v. Thaler*, 133 S.Ct. 1911 (2013), the Court extended *Martinez* to cases where state law did not mandate that claims of ineffectiveness be brought in PCR proceedings, but provided no other meaningful avenue for review.

PCR petition.  And they were heard by the PCR Court on the merits.

Rather, Petitioner's procedural default resulted from his failure to seek further review by the Arizona Court of Appeals in a petition for review.  Petitioner has not alleged that counsel was ineffective in failing to pursue review in the proceeding, nor even that he was represented by counsel in doing so.[2]

Moreover, the *Martinez* court made clear that the limited exception it was creating for ineffectiveness of PCR counsel as "cause" did not extend outside the initial PCR proceeding.

> The holding in this case does not concern attorney errors in other kinds of proceedings, including appeals from initial-review collateral proceedings, second or successive collateral proceedings, and petitions for discretionary review in a State's appellate courts. It does not extend to attorney errors in any proceeding beyond the first occasion the State allows a prisoner to raise a claim of ineffective assistance at trial, even though that initial-review collateral proceeding may be deficient for other reasons.

*Martinez*, 132 S.Ct. at 1320.  Thus, even if Petitioner continued to be represented by his PCR counsel after the dismissal of his PCR petition, any ineffectiveness by counsel thereafter (when Petitioner's procedural default occurred) would not only not qualify as a constitutional violation but  would not be cognizable as "cause" under *Martinez*.

**Summary re Cause and Prejudice** – Based upon the foregoing, the undersigned concludes that Petitioner has failed to establish cause to excuse his procedural defaults.

Both "cause" and "prejudice" must be shown to excuse a procedural default, although a court need not examine the existence of prejudice if the petitioner fails to establish cause. *Engle v. Isaac*, 456 U.S. 107, 134 n. 43 (1982); *Thomas v. Lewis*, 945 F.2d 1119, 1123 n. 10 (9th Cir.1991).  Petitioner has filed to establish cause for his procedural default.  Accordingly, this Court need not examine the merits of Petitioner's claims or the purported "prejudice" to find an absence of cause and prejudice.

/ /

---

[2] The normal practice in Arizona seems to be that appointed PCR counsel is released from further obligation upon conclusion of the trial court proceedings, and has no responsibility for seeking review.  In the absence of contrary allegations by Petitioner, the undersigned presumes that was the situation in this case.

14

### C.  ACTUAL INNOCENCE AS CAUSE

The standard for "cause and prejudice" is one of discretion intended to be flexible and yielding to exceptional circumstances, to avoid a "miscarriage of justice." *Hughes v. Idaho State Board of Corrections*, 800 F.2d 905, 909 (9th Cir. 1986).  Accordingly, failure to establish cause may be excused "in an extraordinary case, where a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray v. Carrier*, 477 U.S. 478, 496 (1986) (emphasis added).  Although not explicitly limited to actual innocence claims, the Supreme Court has not yet recognized a "miscarriage of justice" exception to exhaustion outside of actual innocence.  *See* Hertz & Lieberman, *Federal Habeas Corpus Pract. & Proc.* §26.4 at 1229, n. 6 (4th ed. 2002 Cumm. Supp.).  The Ninth Circuit has expressly limited it to claims of actual innocence.  *Johnson v. Knowles*, 541 F.3d 933, 937 (9th Cir. 2008).

A petitioner asserting his actual innocence of the underlying crime must show "it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence" presented in his habeas petition.  *Schlup v. Delo*, 513 U.S. 298, 327 (1995).  A showing that a reasonable doubt exists in the light of the new evidence is not sufficient.  Rather, the petitioner must show that no reasonable juror would have found the defendant guilty.  *Id*. at 329.  This standard is referred to as the "*Schlup* gateway*.*"  *Gandarela v. Johnson*, 286 F.3d 1080, 1086 (9th Cir. 2002).

Here, Petitioner makes no assertion of his actual innocence.

Although Petitioner does allege there was insufficient evidence to support his conviction, even if true that would not establish his actual innocence. "Finally, as the *Schlup* decision explains, the gateway actual-innocence standard is 'by no means equivalent to the standard of *Jackson v. Virginia,* 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979),' which governs claims of insufficient evidence." *House v. Bell*, 547 U.S. 518, 538 (2006).  The Court in *House* explained that an insufficiency of the evidence claim is founded upon an evaluation of the evidence presented to the jury, while an actual innocence claim is founded upon "evidence the trial jury did not have

before it." *Id. See U.S. v. Ratigan*, 351 F.3d 957 (9th Cir. 2003) (lack of proof of FDIC insurance in a bank robbery case, without evidence that insurance did not exist, not sufficient to establish actual innocence where lack of such insurance not shown). Indeed, such a determination is based upon all the available evidence, including evidence which may have been "excluded or unavailable at trial." *Schlup*, 513 U.S. at 328. Petitioner makes no suggestion that all the available evidence (whether or not presented at trial) would preclude a reasonable juror from finding him guilty.

Accordingly Petitioner's procedurally defaulted and procedurally barred claims must be dismissed with prejudice.

Because all of his claims are procedurally defaulted, the Petition should be dismissed with prejudice.

## IV.  CERTIFICATE OF APPEALABILITY

**Ruling Required** - Rule 11(a), Rules Governing Section 2254 Cases, requires that in habeas cases the "district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."  Such certificates are required in cases concerning detention arising "out of process issued by a State court", or in a proceeding under 28 U.S.C. § 2255 attacking a federal criminal judgment or sentence. 28 U.S.C. § 2253(c)(1).

Here, the Petition is brought pursuant to 28 U.S.C. § 2254, and challenges detention pursuant to a State court judgment.  The recommendations if accepted will result in Petitioner's Petition being resolved adversely to Petitioner.  Accordingly, a decision on a certificate of appealability is required.

**Applicable Standards** - The standard for issuing a certificate of appealability ("COA") is whether the applicant has "made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  "Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the

16

district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

**Standard Not Met** - Assuming the recommendations herein are followed in the district court's judgment, that decision will be on procedural grounds. Under the reasoning set forth herein, the undersigned finds that "jurists of reason" would not "find it debatable whether the district court was correct in its procedural ruling." Accordingly, to the extent that the Court adopts this Report & Recommendation as to the Petition, a certificate of appealability should be denied.

## V.  RECOMMENDATION

**IT IS THEREFORE RECOMMENDED** that the Petitioner's Petition for Writ of Habeas Corpus, filed July 24, 2013 (Doc. 1) be **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER RECOMMENDED** that, to the extent the foregoing findings and recommendations are adopted in the District Court's order, a Certificate of Appealability be **DENIED**.

## VI. EFFECT OF RECOMMENDATION

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to *Rule 4(a)(1), Federal Rules of Appellate Procedure*, should not be filed until entry of the district court's judgment.

However, pursuant to *Rule 72(b), Federal Rules of Civil Procedure,* the parties shall have fourteen (14) days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. *See also* Rule 8(b), Rules

Governing Section 2254 Proceedings.   Thereafter, the parties have fourteen (14) days within which to file a response to the objections.   Failure to timely file objections to any findings or recommendations of the Magistrate Judge will be considered a waiver of a party's right to *de novo* consideration of the issues,   *see United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003)(*en banc*),   and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the recommendation of the Magistrate Judge, *Robbins v. Carey*, 481 F.3d 1143, 1146-47 (9th Cir. 2007).

Dated: March 28, 2014

13-1499r RR 14 03 19 on HC.docx

_____
James F. Metcalf
United States Magistrate Judge